UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELINDA M. TURNER., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-1910 CAS |
| ) | |
| ERIC K. SHINSEKI, Secretary, U.S. ) | |
| Department of Veterans Affairs,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is defendant Eric K. Shinseki's motion for summary judgment.[2] Plaintiff's counsel filed an acknowledgment that he had received defendant's motion for summary judgment, memorandum in support, and statement of uncontroverted fact, plaintiff, however, did not file a response in opposition, and the time to do so has expired. Therefore, the motion is ripe for review. For the following reasons, the Court will grant defendant's motion for summary judgment and dismiss plaintiff's claims.

**I. Background**

Plaintiff, a former staff nurse with the U.S. Department of Veterans Affairs ("VA"), filed the instant employment discrimination case against defendant pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., alleging that she was discriminated against on the basis of her gender, race, age, and "physical and emotional disability." She also alleges

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Eric K. Shinseki, the confirmed successor to former Secretary James B. Peake, who was named as a defendant in this action in his official capacity, is automatically substituted as the proper party defendant.

[2] Defendant also filed a motion for leave to file his motion for summary judgment and accompanying memorandum and exhibits one day out of time. The motion was unopposed, and shall be granted.

defendant failed to accommodate her disability in violation of the Rehabilitation Act, 29 U.S.C. §§ 701, et seq. Defendant moves for summary judgment as to all of the claims in plaintiff's amended complaint ("Complaint").

## II. Summary Judgment Standard

The standard applicable to summary judgment motions is well-settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence he or she must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at

1029 quoting Anderson, 477 U.S. at 248. A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

In passing on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists. Bassett v. City of Minneapolis, 211 F.3d 1097, 1107 (8th Cir. 2000).

### III.  Facts

Local Rule 4.01(E) provides, with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

In support of its motion for summary judgment, the government submitted a Statement of Uncontroverted Material Facts listing fifteen (15) uncontroverted facts with citations to the record. Plaintiff, however, did not respond to defendant's statement of uncontroverted facts or provide the Court with a statement of material facts as to which she contends a genuine dispute exists.

3

Accordingly, plaintiff' had not met the requirements of Local Rule 4.01(E), and she is deemed to have admitted all facts in defendant's statements of uncontroverted facts. Deichmann v. Boeing Co., 36 F. Supp.2d 1166, 1168 (E.D.Mo. 1999), aff'd, 232 F.3d 907 (8th Cir. 2000), cert. denied, 531 U.S. 877. Cf. Northwest Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) (holding that the district court did not abuse its discretion by applying local rules that excluded some of the material facts offered in opposition to a motion for summary judgment). The Court also notes plaintiff did not sign or verify her Complaint.

With this in mind, Court accepts the following facts as true for purposes of summary judgment:

Plaintiff was employed at all times relevant to plaintiff's Complaint as an Emergency Room (ER) Nurse at the St. Louis Medical Center, John Cochran Hospital, which is maintained and operated by the VA. ("VAMC") Plaintiff worked part-time and only on weekends to accommodate her full-time school schedule. During the time set forth in the Complaint, Carol Teague was employed as an ER Nurse Manager at the VAMC and was plaintiff's first-line supervisor. ER personnel relied on plaintiff's attendance for her scheduled weekend assignments. When plaintiff would call in on short notice or take unscheduled leave, it was difficult to find replacement nurses, and the VAMC was often required to pay overtime and reschedule nurses to cover plaintiff's missed shifts.

On March 20, 2006, Ms. Teague gave plaintiff written counseling regarding her attendance issues. Plaintiff had called in absent on several days for which she had previously submitted leave requests that were denied. Plaintiff was advised that future such incidents could result in additional discipline or discharge. From March through November 2006, plaintiff requested leave or was

marked absent at least once a month, and she took leave for almost a month during November 2006. At some point in time, Ms. Teague reported to the Associate Chief Nurse for Primary Care, Ruth Huner, and the Associate Director of Nursing Services, Michele Brown, that plaintiff's attendance presented a problem, and she recommended that plaintiff's employment be terminated. On December 14, 2006, a notice of termination was mailed to plaintiff stating that she had been discharged for unsatisfactory attendance. The letter was returned as undeliverable. A second letter was mailed in late December 2006, which plaintiff acknowledged she received. Plaintiff's employment was terminated for failure to attend scheduled weekend work assignments. Ms. Teague did not recommend the termination of plaintiff's employment on account of plaintiff's race, sex, age or alleged disability.

Prior to her termination, plaintiff did not inform Ms. Teague that she had diabetic condition, At some point in time, however, Ms. Teague, was made aware of plaintiff's condition from another source. Plaintiff never asked for an accommodation for her diabetic condition.

Plaintiff filed a Complaint of Employment Discrimination ("EEO Complaint") with the VA in which she complained that she was discharged on the basis of her age, sex, race, and disability. Plaintiff did not allege in her EEO Complaint that she was unlawfully harassed, or that the VAMC failed to accommodate her disability.

In the Complaint before this Court, plaintiff alleges her employment was terminated on the basis of her gender, race, age, and "physical and emotional disability." She also alleges she was unlawfully harassed and that defendant failed to accommodate her disability.

## IV. Discussion

A.     **Plaintiff's Claim of Unlawful Termination**

In Count One of her Complaint, plaintiff alleges her employment was unlawfully terminated on the basis of her gender, race, age, and disability. Title VII prohibits an employer from treating an employee differently based on, among other things, race and gender. 42 U.S.C. § 2000e-2(a)(1). Federal claims for employment discrimination based on age are governed by the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. prohibits discrimination based on disability, including in employment activities of the federal government and its agencies. Gardner v. Morris, 752 F.2d 1271, 1277 (8th Cir. 1985).[3]

In the absence of direct proof of discrimination, a plaintiff can prove his or her case of unlawful termination under these three statutes using the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). To establish a prima facie case of disparate treatment, plaintiff must prove that: (1) she is a member of a protected class; (2) she was qualified to perform her duties; (3) she suffered an adverse employment action; and (4) circumstances give rise to an inference of discrimination, which may include that similarly situated employees, who are not members of the protected group, were treated differently. Green v. Franklin Nat'l Bank of Minneapolis, 459 F.3d 903, 913 (8th Cir. 2006); Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 850 (8th Cir. 2005); Jacob-Mua v. Veneman, 289 F.3d at 521-22. In response, defendant must offer evidence of a reason other than illegal discrimination for its actions. If defendant can do so, plaintiff must present sufficient evidence to (1) raise a question of fact as to whether defendant's proffered reason

---

[4] In her Complaint, plaintiff refers to neither the ADEA nor the Rehabilitation Act in regard to her claim for unlawful termination.

was pretextual, and (2) create a reasonable inference that her gender, race, age and/or disability were determinative factors in the decision to terminate her employment. See Erickson v. Farmland Indus., Inc., 271 F.3d 718, 726 (8th Cir. 2001) (citation omitted).

Here, defendant moves for summary judgment on the basis that plaintiff's employment was terminated for a legitimate non-discriminatory reason: she had attendance issues. Plaintiff has made no attempt to rebut defendant's proffered basis for her termination. The Court, therefore, must accept defendant's proffered reason for plaintiff's discharge as true, and it finds defendant is entitled to summary judgment as to plaintiff's claim of unlawful termination.

### B. Plaintiff's Claim of Harassment

In her Complaint plaintiff makes vague allegations that she was harassed while employed at the VAMC. She does not, however, provide any specific details regarding the harassment, such as a description of the offending conduct, when it alleged occurred, and by whom. In the government's motion for summary judgment, it argues it is entitled to judgment as a matter of law as to any claim of harassment because plaintiff did not allege harassment in her EEO Complaint.

As a federal employee, plaintiff must follow administrative procedures and exhaust administrative remedies by raising a claim of discrimination in an EEO complaint. The scope of any subsequent federal court action is defined by the claims that were actually filed in the prior EEO complaint or claims that are like or reasonably related to the claims asserted therein. Brown v. General Services Admin., 425 U.S. 820, 835 (1976); McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995); Anderson v. Block, 807 F.2d 145, 148 (8th Cir. 1986). "The sweep of any subsequent judicial complaint may be only as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." Duncan v. Delta Consol. Indus., Inc.,371 F.3d

1020, 1025 (8th Cir. 2004). "Allegations outside the scope of the EEOC charge . . . circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." Id. quoting Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000).

The Court is mindful that plaintiff filed her EEO Complaint pro se, and therefore construes it liberally. Nonetheless, "there is a difference between liberally reading a claim which 'lacks specificity,' . . . and inventing . . . a claim which simply was not made." Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996). Having carefully reviewed plaintiff's EEO Complaint, the Court finds that plaintiff did not include information in her EEO Complaint regarding harassment. As such, plaintiff's allegations of harassment are unexhausted, and defendant's motion for summary judgment for failure to exhaust administrative remedies is granted.

### C. Plaintiff's Claim of Failure to Accommodate

Plaintiff alleges in Count II of her Complaint that the VAMC failed to accommodate her disability. The Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. prohibits discrimination based on disability, including in employment activities of the federal government and its agencies. Gardner v. Morris, 752 F.2d 1271, 1277 (8th Cir. 1985). The Rehabilitation Act imposes on federal employers "a positive duty . . . of accommodation to any known physical or mental handicap of a qualified applicant or employee, as well as the usual negative duty of nondiscrimination." Doll v. Brown, 75 F.3d 1200, 1203 (7th Cir. 1996). To establish a prima facie case under the Rehabilitation Act for failure to accommodate, the plaintiff must make a facial showing that she sought a "reasonable accommodation that imposes no undue burden on the employer." Peebles v. Potter, 354 F.3d 761, 767 (8th Cir. 2004). See also Mason v. Frank, 32 F.3d 315, 318 (8th Cir. 1994). It is implicit in Eighth Circuit cases that a plaintiff fails to make a prima facie case if she fails to show she

needs an accommodation. Peebles, 354 F.3d at 770 (Bye, J., concurring) (citing Burchett v. Target Corp., 340 F.3d 510, 518 (8th Cir. 2003). If the plaintiff succeeds in making a showing that the requested accommodation is reasonable on its face, the employer must "show special (typically case-specific) circumstances that demonstrate undue hardship in the particular circumstances." Peebles, 354 F.3d at 768 (quoting U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 402 (2002)).

As an initial matter, it does not appear plaintiff exhausted her claim of failure to accommodate, and the claim should dismissed on this ground alone. The Rehabilitation Act incorporates the remedies, procedures and rights set forth in the federal employment sections of Title VII to complaints of disability discrimination in federal employment. 29 U.S.C. § 794a(a)(1). Because Title VII procedures apply, a federal employee claiming disability discrimination under Sections 501 or 504 of the Act must exhaust the available administrative remedies before filing suit in federal court. Gardner, 752 F.2d at 1278, 1279 n.7.

But even assuming plaintiff has exhausted her administrative remedies and that she is disabled within the meaning of the statute, she does not allege what accommodation defendant should have provided her. In her Complaint, she alleges defendant failed to accommodate her disability in that "[d]efendant failed to investigate their own work allegations in order to terminate [p]laintiff's employment in violation of the ADA and the Rehabilitation Act Regulations." See Doc. 17 at 7 ¶3. From this allegation, the Court is unable to discern the nature of the accommodation plaintiff contends defendant failed to make. Furthermore, this is the only allegation in the Complaint which describes the accommodation defendant allegedly withheld. What is more, as set forth in defendant's Statement of Uncontroverted Facts, which plaintiff did not rebut, plaintiff never requested an

9

accommodation on account of her diabetic condition. Plaintiff cannot establish a failure to accommodate claim, and Count II will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to file for summary judgment one day out of time is **GRANTED.** [Doc. 40]

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is **GRANTED.** [Doc. 41]

An appropriate judgment will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of June, 2010